```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------x
UNITED STATES OF AMERICA                JUDGMENT INCLUDING SENTENCE
        -v-                             UNDER THE SENTENCING REFORM ACT

PRIESTLY GREEN                          CASE NUMBER:CR-03-1368(ARR)
-------------------------------------x  BERNARD UDELL, ESQ
                                        16 COURT STREET
                                        BROOKLYN, NEW YORK 11241
                                        Defendant's Attorney & Address
```

THE DEFENDANT:
**XXX** was found guilty on counts one & two of the superseding indictment after a plea of not guilty.
   Accordingly, the defendant is ADJUDGED guilty of such count(s), which involve the following offenses:

| TITLE & SECTION | NATURE & OFFENSE | COUNT NUMBER(S) |
|---|---|---|
| 21 USC 963, 960(a)(1) & 960(b)(1)(B) | CONSPIRACY TO IMPORT WITH INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE. | ONE (1) |
| 21 USC 846 & 841(b)(1)(A) | CONSPIRACY TO POSSESS WITH INTENT TO DISTRIBUTE 5 KILOGRAMS OR MORE OF COCAINE. | TWO (2) |

The defendant is sentenced as provided in pages 2 through ___ of this Judgment.
The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

___  The defendant has been found not guilty on count(s) ___ and is discharged as to such count(s).
___  Remaining counts are dismissed on the motion of the United States.
**XXX** It is ordered that the defendant shall pay to the United States a special assessment of $200.00 which shall be due **XXX** immediately ___ as follows:

It is further ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of residence or mailing address until all fines, restitution, costs, and special assessments imposed by this Judgment are fully paid.

Defendant's Soc. Sec _____        _____MAY 16, 2006_____
                                           Date of Imposition of Sentence
Defendant's Date of Birth 7/1/67
                                                    ARR
Defendant's Mailing Address:               _____
                                           ALLYNE R. ROSS, U.S.D.J.
4851 NW 18th COURT
                                           _____MAY 16, 2006_____
LAUDERHILL, FLORIDA 33313                           Date

Defendant's Residence Address:             A TRUE COPY ATTEST
                                           Date:_____
     ( SAME AS ABOVE )                     ROBERT C. HEINEMANN
                                              CLERK OF COURT

                                           By:_____
                                                   DEPUTY CLERK

Defendant: PRIESTLY GREEN  
Case Number: CR-03-1368(ARR)

Judgment - Page       of

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of forty eight (48) months. Counts one and two of the superseding indictment are to run concurrently.

**XXX**   The Court makes the following recommendations to the Bureau of Prisons:
THAT THE DEFT BE HOUSED IN A FACILITY AS CLOSE AS POSSIBLE TO THE MIAMI, FLORIDA AREA.

___   The defendant is remanded to the custody of the United States Marshal.
___   The defendant shall surrender to the United States Marshal for this district,
      ___   at _____ a.m./p.m. on _____.
      ___   as notified by the Marshal.

___   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons
      ___   before 12:00 noon on _____.
      ___   as notified by the United States Marshal.
      ___   as notified by the Probation Office.

## RETURN

I have executed this Judgment as follows:

_____
_____
_____
_____
_____

Defendant delivered on _____ to _____ at _____, with a certified copy of this Judgment.

_____
United States Marshal

By_____

**Defendant: PRIESTLY GREEN**                                      Judgment - Page     of
**Case Number:CR-03-1368(ARR)**

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of five (5) years.

While on supervised release, the defendant shall not commit another Federal, state, or local crime and shall comply with the standard conditions that have been adopted by this court (set forth on the following page). If this judgment imposes a restitution obligation, it shall be a condition of supervised release that the defendant pay any such restitution that remains unpaid at the commencement of the term of supervised release. The defendant shall comply with the following additional conditions:

1) IF EXCLUDED; DEFT SHALL NOT RE-ENTER THE UNITED STATES ILLEGALY.
2) DEFT SHALL NOT POSSESS ANY FIREARMS.

____   The defendant shall pay any fines that remain unpaid at the commencement of the term of supervised release.

Defendant: PRIESTLY GREEN                                        Judgment - Page of
Case Number: CR-03-1368(ARR)

## STANDARD CONDITIONS OF SUPERVISION

While the defendant is on probation or supervised release pursuant to this Judgment:

1) The defendant shall not commit another Federal, state or local crime;
2) the defendant shall not leave the judicial district without the permission of the court or probation officer;
3) the defendant shall report to the probation officer as directed by the court or probation officer and shall submit a truthful and complete written report within the first five days of each month;
4) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
5) the defendant shall support his or her dependents and meet other family responsibilities;
6) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training, or other acceptable reasons;
7) the defendant shall notify the probation officer within seventy-two hours of any change in residence or employment;
8) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician;
9) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
10) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
11) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;
12) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
13) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
14) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

These conditions are in addition to any other conditions imposed by this Judgment.

Defendant: PRIESTLY GREEN
Case Number: CR-03-1368(ARR)

Judgment - Page       of

## FINE WITH SPECIAL ASSESSMENT

The defendant shall pay to the United States the sum of $ 200.00    , consisting of a fine of $   N/A       and a special assessment of $ 200.00            .

___ These amounts are the totals of the fines and assessments imposed on individual counts, as follows:

This sum shall be paid ___ immediately
                       ___ as follows:

**XXX**  The Court has determined that the defendant does not have the ability to pay any fines, cost of confinement or supervision.

___ The interest requirement is waived.
___ The interest requirement is modified as follows:

```
                                                                    1

1                    UNITED STATES DISTRICT COURT
                     EASTERN DISTRICT OF NEW YORK
2
    - - - - - - - - - - - - - - - X
3
    UNITED STATES OF AMERICA       :    03-CR-1368
4
         -against-                      U.S. Courthouse
5                                  :    Brooklyn, New York
    PRIESTLY GREEN,
6
              DEFENDANT,           :
7                                       May 16, 2006
    - - - - - - - - - - - - - - - X    11:00 o'clock a.m.
8
              TRANSCRIPT OF SENTENCING
9             BEFORE THE HONORABLE ALLYNE R. ROSS
              UNITED STATES DISTRICT JUDGE
10

11
    APPEARANCES:
12
    For the Government:       ROSLYNN R. MAUSKOPF
13                            United States Attorney
                              147 Pierrepont Street
14                            Brooklyn, New York  11201
                              BY:  MICHAEL RAMOS
15                            Assistant(s) U.S. Attorney

16
    For the Defendant:        BERNARD UDELL, ESQ.
17

18

19
    Court Reporter:           SHELDON SILVERMAN
20                            Official Court Reporter
                              225 Cadman Plaza East
21                            Brooklyn, New York 11201
                              (718) 260-2537
22

23

24
    Proceedings recorded by mechanical stenography. Transcript
25  Produced By Computer Aided Transcription.


              SS      OCR      CM      CRR      CSR
```

from high school and college I worked so hard to see my daughter go to medical school. Within a year my kids come to Florida to live with me, honor role in Fort Lauderdale. I'm finished, your Honor. Thank you.

THE COURT: Let me say I understood most of what Mr. Green told me. There are some things I'm not sure I did understand. I am continuing to assume there was a valid safety valve proffer with the government?

MR. RAMOS: Yes. The problem with Mr. Green I guess is the continued lack of understanding an empty conspiracy is still a conspiracy. Nevertheless we had that problem with the safety valve. We established the essential facts of the phone calls, what they meant.

THE COURT: Having determined that the evidence did not support the jury's conclusion the defendant Priestly Green was involved in a marijuana importation conspiracy, defendant must be sentenced based solely upon his conviction of the importation and distribution conspiracies involving five kilograms or more of cocaine.

Because as discussed below, defendant has been given the safety valve and I have concluded a mitigating role adjustment is warranted, base offense level is 30. Defendant's conduct in connection with the charged offenses has two separate aspects. Initially, defendant, as I understand it, was the first person to introduce Weatherly

1  into the Universal cocaine conspiracy and, second, the
2  defendant played a role in the so-called ITI scheme to import
3  cocaine from Venezuela and/or Panama.
4      Defendant's role in the Universal scheme was, as the
5  government acknowledges, fleeting.  Weatherly testified that
6  in 2002 his friend, Sean Scott, introduced him to the
7  defendant.  The defendant told --  I'm sorry, Weatherly told
8  the defendant of a drug connection from Guyana on Universal
9  Airlines and the need for someone to remove bags from the
10 aircraft.  When the defendant agreed to assist, Weatherly told
11 him to expect a telephone call.  In fact, three days later
12 Adams met with Weatherly --  I'm sorry, let me do that again.
13     Defendant's role in the Universal scheme was, as the
14 government acknowledges, fleeting.  Weatherly testified in
15 2002 his friend Sean Scott introduced him to the defendant.
16 The defendant told Weatherly of the drug connection from
17 Guyana on Universal Airlines and the need for someone to
18 remove bags from the aircraft.  When Weatherly agreed to
19 assist, Green told him to expect a call.  In fact, three days
20 later, Adams met with Weatherly and after a more detailed
21 discussion recruited Weatherly into the scheme.
22     From that time, the Universal Airlines cocaine
23 importation conspiracy persisted for approximately one and a
24 half years successfully importing massive quantities of
25 cocaine on numerous occasions.  The players were also

SS      OCR      CM      CRR      CSR

17

1  numerous, but as the evidence demonstrated, Priestly Green did
2  nothing at all beyond the initial inquiry of Weatherly to
3  further the scheme.  Rather, Adams under Brown's direction
4  consistently managed Weatherly.
5           From this evidence I infer the defendant in his one
6  conversation with Weatherly was not functioning as a typical
7  recruiter who proceeds to manage or supervise his recruits,
8  and who maintains interest in his recruits' successful
9  performance of duties entrusted on behalf of a criminal
10 organization.  Rather, the evidence compels the conclusion
11 that the defendant's sole role in the Universal scheme was to
12 introduce Weatherly to Adams at Adams request.
13          The evidence strongly suggests because Adams had no
14 contacts at Evergreen Eagle, the company that serviced
15 Universal flights and employed Weatherly, Adams asked Green
16 who apparently knew Weatherly's friend Sean Scott to make an
17 introduction for him.  Once the introduction was made,
18 defendant dropped out of the picture completely and the
19 conspiracy proceeded without defendant having ever again in
20 any way acting to further its goals.
21          In this context, defendant's mere making of an
22 introduction in 2002 plainly bespeaks a role in the conspiracy
23 that is at most minimal.  The defendant's role in the ITI
24 scheme to import cocaine from Venezuela and/or Panama was
25 greater than his role in the Universal scheme, but at best it

1  was a minor one and in my view falls more comfortably between
2  a minor and minimal role.
3        Cooperating coconspirator Selwyn Smith had been in
4  contact with two suppliers, Red and Estrella, the latter of
5  whom Adams referred to as cancellation about sending cocaine
6  to JFK via Miami. Estrella asked Smith whether Adams had any
7  contacts in Miami. Adams identified the defendant as someone
8  who could remove a bag in Miami and forward it to New York
9  without clearance through Customs in Miami.
10       In a series of tape recorded telephone conversations
11 between Adams and defendant, defendant makes clear that he is
12 willing and able to intercept drugs in Miami and reroute them
13 to New York. Again, following his arrest, defendant
14 acknowledged to law enforcement that he had such discussions
15 with Adams regarding rerouting drugs from Miami.
16       The record, however, provides no evidence of any
17 successful ITI shipment, nor is there evidence of any actual
18 shipment in which defendant took part. In short, the evidence
19 shows defendant made himself available to Adams to reroute
20 luggage in Miami, thereby bypassing Customs but ultimately
21 never engaged in any such conduct.
22       Notably, too, there was no evidence in the record as
23 to what benefit defendant was to receive for his proffered
24 services in this aspect of the ITI scheme and there was
25 certainly no suggestion Green had a proprietary interest in

1  any cocaine.  Overall, considering defendant's role in
2  introducing Adams to Weatherly in the Universal scheme in
3  conjunction with his role in the ITI scheme; that is, making
4  himself available to Adams, the reasonable inference from the
5  evidence is that defendant's role in the combined conspiracies
6  was no greater than between minor and minimal.
7         This inference is confirmed by the record evidence
8  of the context of the massive cocaine importation scheme at
9  JFK and the number of participants whose roles far exceeded
10 that of defendant, evidence I view as reasonably illustrative
11 of such schemes nationwide.
12        Accordingly, I find defendant is entitled to a three
13 level role reduction.  Given an adjusted offense level of 25,
14 a criminal history category of one, the advisory guidelines
15 call for a prison term of 57 to 71 months.  In assessing an
16 appropriate sentence for defendant, I have considered the
17 advisory guidelines.  I note, however, that even if defendant
18 were not entitled to so great a role reduction under the
19 guidelines, that would not for reasons expressed in that
20 opinion affect my view of an appropriate sentence under
21 Section 3553(a).
22        In considering the nature and circumstances of the
23 offense, I have in the case of Mr. Green considered as an
24 exacerbating factor the fact that he made use of his job
25 position at JFK and Miami airports in committing crimes of

20

which he was convicted. Although I have found the government failed to present evidence sufficient to find by a preponderance that law enforcement authorities in fact reposed trust in airport employees, a finding essential to the imposition of the abuse of trust enhancement under the guidelines, there is ample evidence in the record to establish the defendant took advantage of his job in committing these offenses, a job that though not established to be a repository of trust by law enforcement, is nonetheless a highly sensitive one due to the enhanced societal dangers posed by corruption at a major international airport or such as JFK and Miami airports.

These crimes were serious ones. They're exacerbated by the fact in committing them they took advantage of a sensitive position at major airports but mitigated somewhat by his role and the fact his offenses involved no weapons or violence of any kind.

Turning to the history and characteristics of the defendant, Mr. Green is a 38-year old permanent resident from Jamaica. Following his firing by American Airlines for his participation in the instant offenses and prior to his remand in May, 2005, defendant succeeded in securing other employment working at two courier companies in Florida. The father of two children, ages 17 and 9, the defendant separated from his wife a year ago. However, he took responsibility for the

1  children and brought them to Florida to live with him and his
2  fiance.
3      Although defendant's fiance is employed as a ticket
4  agent in Miami, no argument has been proffered that the
5  children cannot be supported without defendant's assistance.
6  It's clear from the letters the children and family members
7  that his children look to the defendant for emotional support.
8      Defendant has no prior convictions or arrests and
9  has never before had any brush with the law.  Given all of the
10 factors pertaining to the defendant and his offenses, I
11 believe a sentence of 48 months imprisonment, which is
12 moderately below his advisory guideline, is sufficient but not
13 unduly severe to accomplish the goals of sentencing enumerated
14 in Section 3553(a).
15     The crimes, although inchoate, are serious and a
16 prison term of four years is a severe one, thus serving the
17 goal of just punishment.
18     I'm also taking into consideration the fact the
19 defendant, although he obviously did not qualify for 5K
20 letter, was of assistance to the government at the time of his
21 arrest.  Additionally, the defendant ultimately chose to
22 proffer to the government and the government has found his
23 admissions regarding his conduct candid.
24     Obviously, again, although this does not qualify him
25 for any form of reduction for acceptance of responsibility, it

SS     OCR     CM     CRR     CSR

1  does bespeak a form of acceptance of responsibility in that,
2  prior to sentence.  He acknowledged what he did, which
3  demonstrates to some extent remorse and contrition suggesting
4  a reduced risk of recidivism.  Indeed, all the facts and
5  circumstances of this case point to a very low risk of
6  recidivism, suggesting the selected sentence amply serves the
7  statutory goal of specific deterrence and the companion goal
8  of protecting the public against future acts of the defendant.
9      This is especially so in light of the fact the
10 defendant will undoubtedly be deported after his release from
11 jail.
12     In my view the selected sentence, which is a lengthy
13 and severe one, also serves the goal of general deterrence.
14 In this regard, I believe it is of sufficient severity to
15 serve as deterrent to other airport employees who might
16 otherwise succumb to the temptation to corrupt their sensitive
17 positions for pecuniary or other personal gain.
18     Accordingly, I sentence Mr. Green to the custody of
19 the Attorney General for a period of 48 months to run
20 concurrently on the two counts to be followed by a five-year
21 period of supervised release with special conditions that if
22 deported he not illegally reenter the United States, and I
23 prohibit the possession of a firearm.  I make a finding that
24 he is unable to pay a fine, but I will impose the mandatory
25 $200 special assessment.

SS    OCR    CM    CRR    CSR

1    Mr. Green, I'm sure you know and understand that you
2    are entitled to appeal both your conviction and your sentence.
3    If you choose to appeal, a notice of appeal must be filed
4    within ten days.  Undoubtedly Mr. Udell will continue to
5    represent you on appeal.
6        MR. UDELL:  Will the court recommend that he serve
7    the sentence in a facility in the Miami, Florida area?
8        THE COURT:  Yes.
9        (Whereupon this matter was concluded for this date.)

SS    OCR    CM    CRR    CSR